UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, | Case No. 16-CV-4077 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| AMIT SELA, NICOLE SELA, and NICOLE R. SELA REVOCABLE TRUST, | |
| Defendants. | |

Kristi K. Brownson and Olivia M. Cooper, BROWNSON & LINNIHAN, PLLP, for plaintiff.

Christopher H. Yetka, Christopher L. Lynch, and Patricia E. Volpe, BARNES & THORNBURG LLP, for defendants.

This matter is before the Court on two motions filed by defendants Amit Sela, Nicole Sela, and Nicole R. Sela Revocable Trust: (1) a motion to dismiss the amended complaint of plaintiff Selective Insurance Company of South Carolina, and (2) a motion for sanctions under Fed. R. Civ. P. 11. The Court conducted a hearing on the motions on March 3, 2017. Based on all of the files, records, and proceedings herein, and for the reasons explained on the record at the March 3 hearing, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss [ECF No. 13] is GRANTED.

2. Count I of the amended complaint is DISMISSED WITHOUT PREJUDICE because it fails to plausibly plead that plaintiff is entitled to damages for breach of contract.

3. Count II of the amended complaint is DISMISSED WITHOUT PREJUDICE because it fails to plausibly plead that plaintiff is entitled to damages for fraud.

4. Count III of the amended complaint is DISMISSED WITHOUT PREJUDICE as to defendants Nicole Sela and Nicole R. Sela Revocable Trust because "the facts alleged, under all the circumstances, [do not] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

5. Count III of the amended complaint is DISMISSED WITHOUT PREJUDICE as to defendant Amit Sela because it fails to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

6. Plaintiff is GIVEN LEAVE to file a second amended complaint by April 3, 2017. Plaintiff may re-plead the claim for a declaratory judgment, but not the claims for breach of contract and fraud.

7. If plaintiff files a second amended complaint, plaintiff must clearly and specifically identify each instance in which it alleges that Amit Sela, willfully and with intent to defraud, concealed or misrepresented a material fact or circumstance. Plaintiff must identify exactly what Amit Sela concealed or misrepresented, and plaintiff must identify the exact written or oral communication in which Amit Sela committed the concealment or misrepresentation. Each instance of alleged concealment or misrepresentation must appear in a separately numbered paragraph.[1]

---

[1]To illustrate:

43. Selective further alleges as follows:

   a. Mr. Sela sought $3,480.00 to replace three patio heaters on page C0107 of the interim proof of loss dated December 21, 2015. Mr. Sela did not say (as he said with respect to other items for which he sought coverage) that these items had been damaged by the 2010 storm but not repaired; therefore, Mr. Sela implicitly asserted that these items were damaged by (and only by) the 2015 storm.

   b. Mr. Sela's assertion was false or misleading because the three patio heaters had been damaged in the 2010 storm and not repaired or replaced. An inspection of the patio heaters by Collins Forensics discovered that the bottoms of many of the dents on the heaters were corroded, indicating that those dents were caused by the 2010 storm and not by the 2015 storm.

44. Selective further alleges as follows:

   a. In a June 10, 2016, conversation with Collins O.Y. Ofori-Amanfo, Mr. Sela asserted that the single-pitched copper roofs below the

(continued...)

    8.    Defendants' motion for sanctions [ECF No. 22] is DENIED.

Dated: March 3, 2017                          s/Patrick J. Schiltz
                                                                     Patrick J. Schiltz
                                                                     United States District Judge

---

[1](...continued)
        balcony railings had been replaced after the 2010 storm, and that all damage to those panels was caused solely by the 2015 storm.

    b.    Mr. Sela's assertion was false because the single-pitched copper roofs below the balcony railings had not been replaced after the 2010 storm, and thus much of the damage to those panels had not been caused by the 2015 storm. An inspection of those panels by Collins Forensics discovered that the pattern and distribution of dents on the panels below the balcony railings were identical to the pattern and distribution of dents on the panels below the stucco walls, which Mr. Sela admitted had been damaged in the 2010 storm and not repaired or replaced. Moreover, a comparison of the dents on the panels below the balcony railings with photographs of the same panels taken after the 2010 storm reveals that the dents caused by the 2010 storm remain on the panels in the same locations.