UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SELECTIVE INSURANCE COMPANY OF         Case No. 16-CV-4077 (PJS/BRT)
SOUTH CAROLINA,

        Plaintiff/Counter-defendant,

v.                                                        ORDER

AMIT SELA,

        Defendant/Counter-claimant.

---

Joseph F. Lulic, Kristi K. Brownson, and Olivia Moreland Cooper, BROWNSON PLLC, for plaintiff/counter-defendant.

Christopher H. Yetka, LARKIN HOFFMAN DALY & LINDGREN, LTD., for defendant/counter-claimant.

This matter is before the Court on the motion of plaintiff/counter-defendant Selective Insurance Company of South Carolina ("Selective") for a stay of enforcement of the judgment in this case. ECF No. 311. Selective asks the Court to approve the supersedeas bond that it has filed and stay enforcement of the judgment while its appeal is pending (or, in the alternative, to waive the bond requirement altogether and stay enforcement of the judgment). *Id.*; ECF No. 312 at 1. The Court denies Selective's motion.

The Court may stay execution of a judgment and proceedings to enforce a judgment if a party "provid[es] a bond or other security." Fed. R. Civ. P. 62(b).

"Rule 62 is silent as to the amount or other qualities of a supersedeas bond that will be necessary to obtain court approval."  12 *Moore's Federal Practice,* § 62.03 (Matthew Bender 3d ed.).  But "'[t]he general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay." *Adzick v. Unum Life Ins. Co. of Am.*, No. 99-CV-0808 (JRT/FLN), 2003 WL 21011345, at *1 (D. Minn. Apr. 16, 2003) (citation omitted).[1]

Selective claims that it posted a full supersedeas bond.  ECF No. 312 at 3.  But Selective's bond is insufficient to cover the considerable attorney's fees that it owes to Sela and the interest, costs, and damages for delay that could accrue or be incurred on appeal.  Selective's bond is not a full bond.

Selective contends that it cannot be required to post a bond which covers the attorney's fees that Sela has been awarded, because the original judgment did not award a precise amount of attorney's fees and the judgment has not been amended to reflect the Court's order awarding attorney's fees.  ECF No. 312 at 3; ECF No. 316 at 3. Selective overlooks the fact that a judgment does not need to be amended to reflect an award of attorney's fees.  *See* Fed. R. Civ. P. 58(a)(3) (providing that, unlike a "judgment

---

[1]*See also Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) ("[A] full supersedeas bond should be the requirement in normal circumstances." (citing *Poplar Grove Planting & Refinery Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); *Fed. Prescription Serv., Inc. v. Am. Pharm. Assoc.*, 636 F.2d 755, 760 (D.C. Cir. 1980))).

or amended judgment," an "order disposing of a motion . . . for attorney's fees under

Rule 54" does not have to be set out in a separate document).

Selective also argues that the bond already "ensure[s]" that any interest and costs

to which Sela may become entitled will be paid.  *See* ECF No. 316 at 2-3.  This is false.

The bond makes clear that "the aggregate liability of the surety shall not exceed

$430,444.10."  ECF No. 304 at 2.  Because the bond places a cap on the surety's liability,

it obviously does not "ensure[]" that any additional interest or costs stemming from

appeal will be paid.  The bond does note that *Selective* will have to obey any court

orders that increase Sela's recovery.  *Id.*  But the *surety* never agrees to cover any of

those additional amounts.  *See id.*

Selective also contends that, because the interest and cost amounts are

"unknown," they cannot be added to the bond.  But the fact that the amount of interest

or costs to which Sela may become entitled on appeal cannot now be calculated with

precision does not mean that security is not required for such interest or costs.  Many

districts' local rules simply call for certain percentages to be added to the judgment to

cover those amounts—for example, a local rule might require a bond worth 110%, or

120%, or 125% of the judgment.  *See, e.g.*, S.D. Fla. L.R. 62.1 ("A supersedeas bond or

other security staying execution of a money judgment shall be in the amount of 110% of

the judgment, to provide security for interest, costs, and any award of damages for

delay."); E.D. Tex. L.R. 62(a) ("Unless otherwise ordered by the presiding judge, a bond or other security staying execution of a money judgment shall be in the amount of the judgment, plus 20% of that amount to cover interest and any award of damages for delay, plus $250.00 to cover costs."); Dist. Kan. L.R. 62.2 ("A supersedeas bond staying execution of a money judgment must, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay.").  Nothing prevents Selective from posting a bond in the amount of the judgment and attorney's fees—plus, say, 20% for anticipated interest and costs.

In the alternative, Selective argues that the Court should waive the requirement that it post a full supersedeas bond.  *See, e.g.*, ECF No. 312 at 3.  In order "'to depart from the usual requirement of a full security supersedeas bond,'" Selective must "'objectively demonstrate the reasons for such a departure.  It is not the burden of [Sela] to initiate contrary proof.'"  *Celador Int'l, Ltd. v. Walt Disney Co.*, CV 04-03541 VAP (RNBx), 2011 WL 13187262, at *2 (C.D. Cal. Aug. 5, 2011) (quoting *Poplar Grove Planting & Refinery Co., Inc.*, 600 F.2d at 1191).  Courts have generally considered five factors when determining whether to waive the bond requirement: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment"; (4) "whether 'the defendant's ability to pay

the judgment is so plain that the cost of a bond would be a waste of money'"; and

(5) "whether the defendant is in such a precarious financial situation that the

requirement to post a bond would place other creditors of the defendant in an insecure

position." *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) (citation omitted).

Selective argues that the third and fourth factors—relating to its ability to pay the

judgment—justify waiving the full-bond requirement.  ECF No. 316 at 1-2.  The Court

would be inclined to waive the full-bond requirement if Selective established a clear

ability to satisfy the judgment.[2]  The problem for Selective, though, is that it has not

provided the Court with any evidence regarding its ability to pay the judgment.  At

most, Selective has provided the Court with information about the finances of its *parent*

companies:

First, Selective provided the Court with the balance sheet of its parent company

(Selective Insurance Company of America).  *See* ECF No. 304 at 6.  But that is not

---

[2]*See, e.g.*, *Guzman v. Boeing Co.*, CIVIL ACTION NO. 13-12615-JGD, 2019 WL
468195, at *1, 7-8 (D. Mass. Feb. 6, 2019) (waiving the bond requirement when the
judgment was for around $2 million and the defendant provided a quarterly report
showing its net earnings in the first quarter exceeded $2 billion); *Frommert v. Conkright*,
639 F. Supp. 2d 305, 313-14 (W.D.N.Y. 2009) (waiving the bond requirement when the
defendants "submitted evidence that the Plan's trust fund contains over three billion in
assets, far exceeding the amounts at issue in this case, which appear to run into the tens
of millions at most"); *In re Oil Spill by Amoco Cadiz*, 744 F. Supp. 848, 850 (N.D. Ill. 1990)
(waiving the bond requirement when the party had assets totaling $30.4 billion, its
revenues the past year exceeded $26.7 billion, and in the first quarter of the new year it
had net income that was almost three times as much as its total judgment liability).

evidence regarding the finances of the relevant entity, which is Selective Insurance

Company *of South Carolina*—the entity liable for the judgment.[3]

Second, Selective pointed the Court to a website that provides financial

information about "Selective Insurance Group, Inc. & Consolidated Subsidiaries."

Selective does not explain the relationship between it and "Selective Insurance Group,

Inc. & Consolidated Subsidiaries"; it appears that "Selective Insurance Group, Inc. &

Consolidated Subsidiaries" may be a parent of Selective's parent, but the Court is

uncertain.  Once again, the financial information that the Court needs in order to waive

the requirement that Selective Insurance Company *of South Carolina* post a full bond is

financial information about Selective Insurance Company *of South Carolina*.

---

[3]If Selective means to assert that its financial position is the same as its parent company's, Selective needs to say that explicitly.  The Court notes, though, that such an assertion would raise significant questions as to why Selective believes that its parent company is an appropriate surety.  *See, e.g.*, *Bancorp. Servs., L.L.C. v. Hartford Life Ins. Co.*, No. 4:00-CV-70CEJ, 2002 WL 32727078, at *1 (E.D. Mo. Apr. 25, 2002) ("Although defendants have posted a bond, their surety, Hartford Fire Insurance Company, appears to be the parent company of both defendants.  The Court agrees with plaintiff that 'the fall of one of defendants into insolvency could negatively affect the solvency of Hartford Fire.'  If such were to occur, plaintiff would bear the risk of non-enforcement of the judgment.  In light of this possibility, the Court finds that if defendants wish to stay enforcement of judgment, they should provide a more negligible risk to plaintiff by posting a bond through an independent surety."); *TransAmerican Nat. Gas Corp. v. Finkelstein*, 905 S.W.2d 412, 414-15 (Tex. Ct. App. 1995) (finding that individuals were not good and sufficient sureties under Texas law when their only assets were TransAmerica stock and the judgment had been entered against TransAmerica).

In sum, the Court finds that Selective has neither posted a full bond nor provided sufficient reason to waive the requirement that it post a full bond.  If Selective wishes to post a bond at a future date, the bond should be adequate to cover (1) the judgment; (2) the attorney's fees that have been awarded to Sela; and (3) the interest and costs to which Sela may become entitled during Selective's appeal.  Alternatively, if Selective does not wish to post a full bond (but still wants enforcement of the judgment to be stayed), Selective should provide the Court with adequate evidence about its financial condition.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT plaintiff and counter-defendant Selective Insurance Company of South Carolina's motion to approve supersedeas bond or in the alternative waiver and stay enforcement of judgment [ECF No. 311] is DENIED.

Dated: July 6, 2020                                s/Patrick J. Schiltz_____
                                                          Patrick J. Schiltz
                                                          United States District Judge